UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARVIN ESCOBAR,<br><br>    Plaintiff(s),<br><br>v.<br><br>AMERICA FINCO VELOCITY INVESTMENT, LLC,<br><br>    Defendant(s). | Case No.: 2:19-cv-01311-JAD-NJK<br><br>**REPORT & RECOMMENDATION**<br><br>(Docket No. 6) |

    Plaintiff is proceeding in this action *pro se* and requested authority to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Docket No. 1. On August 16, 2019, the undersigned granted Plaintiff's request, screened his complaint pursuant to 28 U.S.C. § 1915, and dismissed the complaint with leave to amend. Docket No. 2. The Court found that the complaint failed to establish subject matter jurisdiction. *Id.* at 2–3. Specifically, the Court found that Plaintiff failed to establish diversity jurisdiction because he failed "to identify Defendant's citizenship and his claim involves a garnishment of $9,013.81." *Id.* at 3. The Court gave Plaintiff an opportunity to cure that defect and warned that failure to do so would result in a recommended dismissal of the case. *Id.* at 3–4.

    Plaintiff has now filed an amended complaint, claiming diversity jurisdiction as the sole basis for subject matter jurisdiction. Docket No. 6. As in the original complaint, the amended complaint fails to identify Defendant's citizenship. Plaintiff submits that Defendant "does business" in Columbia, Missouri, and retained counsel there. *Id.* at 4. However, where an LLC does business, or has counsel, does not establish its citizenship. Instead, an LLC has the citizenship of all its owners or members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006). Plaintiff does not provide any information about the citizenship of Defendant's owners or members.

    Further, Plaintiff now alleges that, since submitting his first complaint, Defendant sent him the "entire [garnishment] amount" but that he is still owed a "$150.00 bank fee that was [] also

1

deducted from his account." Docket No. 6 at 5.  Nonetheless, Plaintiff still seeks actual damages over $75,000 and punitive damages of $5,000,000.  *Id.* at 7.  Although the Court usually defers to a statement of damages in the complaint, it has an independent obligation to examine the basis for such a statement when doubt arises.  *See, e.g.*, *Leal v. Ferrini*, 2014 WL 7409500, *2 (D. Nev. Dec. 31, 2014) (screening complaint under § 1915).  A representation of the amount in controversy must be supported by facts; therefore, a conclusory assertion comprising merely "a bold and optimistic prediction" is insufficient.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."); *see also Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (rejecting statement of potential punitive damages as merely "a bold and optimistic prediction").  The Court finds that the facts as currently alleged do not lend themselves to a finding of a sufficient amount in controversy to support diversity jurisdiction.

For the above reasons, and because Plaintiff failed to cure the deficiencies in his original complaint, the Court **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be closed.

IT IS SO ORDERED.

Dated: November 6, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).