# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Marvin Escobar,

    Plaintiff

v.

American Finco Velocity Investment, LLC,

    Defendant.

Case No.: 2:19-cv-01311-JAD-NJK

**Order Overruling Objection, Adopting Report & Recommendation, and Denying as Moot Request for Decision**

[ECF Nos. 8, 10, 18]

      Marvin Escobar filed this complaint after a writ of garnishment and a writ of execution for $9,013.81 were served on his bank, Wells Fargo.[1]  Escobar alleges that he is not the person that American Finco Velocity Investment (Velocity) seeks to collect from.[2]  Magistrate Judge Nancy Koppe screened Escobar's complaint under 28 U.S.C. § 1915 and dismissed it with leave to amend because Escobar failed to establish subject-matter jurisdiction.[3]  Escobar timely amended,[4] and Judge Koppe recommends that I now dismiss Escobar's amended complaint because he has again failed to establish subject-matter jurisdiction.[5]  Escobar timely objected to Judge Koppe's report and recommendation.[6]  After a de novo review, I find that the magistrate judge's evaluation of the complaint was accurate, reach the same conclusions, and dismiss Escobar's complaint.

---

[1] ECF No. 1 at 4 (complaint).

[2] *Id.* at 28.

[3] ECF No. 8 (report and recommendation).

[4] ECF No. 6 (amended complaint).

[5] *Id.*

[6] ECF No. 10 (objection to report and recommendation).

**Background**

Escobar alleges that a writ of garnishment and a writ of execution for $9,013.81[7] were served on his bank, Wells Fargo, by Velocity on April 10, 2019.[8]  Escobar received notice from his bank that a total of $4,969.69 was taken from his account on April 12, 2019.[9]  Escobar contends that, because he has a common name, he "is simply not the person that [Velocity] is seeking" to enforce the judgment against.[10]

In May of 2019, Escobar filed a motion to set aside the judgment in the North Las Vegas Justice Court.[11]  Velocity opposed that motion, arguing that the motion was five years late because default judgment was entered against Escobar on October 1, 2013.[12]  Velocity also argued that Escobar's motion to set aside the judgment was meritless because he provided no documentation or evidence that supported his claim that he was not the Marvin Escobar that default judgment was entered against.[13]  The Justice Court denied Escobar's motion to set aside the judgment.[14]

Because his motion to set aside the judgment was denied, Escobar filed this complaint alleging that Velocity illegally took money from his Wells Fargo bank account.[15]  Judge Koppe screened Escobar's initial complaint under 28 U.S.C. § 1915 and dismissed it with leave to

---

[7] ECF No. 1 at 24.

[8] *Id.* at 4, 19–21.

[9] *Id.* at 8–9.

[10] *Id.* at 28.

[11] *Id.* at 8–9.

[12] *Id.* at 11–12.

[13] *Id.*

[14] *Id.* at 10.

[15] *Id.* at 4–5.

1   amend because Escobar failed to establish subject-matter jurisdiction—meaning that the

2   allegations in Escobar's complaint did not establish that his case is the type of case that this

3   federal court of limited jurisdiction is authorized to resolve.[16]  Before filing his amended

4   complaint, Velocity repaid Escobar the amount that it took from his bank account.[17]  But

5   Escobar alleges that he was still stuck with the $150.00 fee that his bank charged him.[18]

6          Escobar then amended his complaint alleging that he is still owed a $150.00 fee that his

7   bank charged him.[19]  Escobar also requests general damages in excess of $75,000, special

8   damages in excess of $75,000, and punitive damages in a set amount of $5,000,000.[20]  Judge

9   Koppe screened Escobar's amended complaint and finds that it fails to establish subject-matter

10   jurisdiction.[21]  Escobar claims diversity jurisdiction as the sole basis for subject-matter

11   jurisdiction.[22]

**Discussion**

13          When a party objects to a magistrate judge's report and recommendation on a dispositive

14   issue, the district court must conduct a de novo review of the challenged findings and

15   recommendations.[23]  The district judge "may accept, reject, or modify, in whole or in part," the

---

[16] ECF No. 8.

[17] ECF No. 6 at 5.

[18] *Id.*

[19] *Id.*

[20] *Id.* at 7.

[21] ECF No. 8.

[22] ECF No. 6 at 3.

[23] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

findings or recommendations made by the magistrate judge, "receive further evidence," or return "the matter to the magistrate judge with instructions."[24]

Judge Koppe properly concluded that Escobar has failed to establish that this case meets the citizenship requirements or dollar-value threshold to stay in federal court. Escobar alleges that he has established subject-matter jurisdiction because Velocity has "no connections . . . in Nevada."[25] He contends that diversity jurisdiction exists here but fails to provide information about the citizenship of Velocity's members or owners. Escobar alleges that "Velocity's citizenship is in Columbia, [Missouri],"[26] because Velocity retained counsel in Missouri.[27] The counsel in Missouri then hired a Nevada attorney to defend against Escobar's complaints.[28] Escobar contends that "if the defendants had any citizenship in the State of Nevada, they would have never . . . hired an attorney in Columbia, [Missouri], to hire another attorney in Las Vegas, [Nevada]."[29] Escobar's point, however, fails to provide information about Velocity's owners or members. As an LLC, Velocity's citizenship is that of all its owners or members.[30] Because there are no facts in the complaint that suggest the citizenship of Velocity's owners or members, Escobar has failed to establish subject-matter jurisdiction based upon diversity of citizenship.

---

[24] Fed. R. Civ. P. 72(b); Local Rule IB 3-2(b).

[25] ECF No. 10 at 2.

[26] *Id.*

[27] *Id.* at 2–3.

[28] *Id.*

[29] *Id.*

[30] *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006) (holding that LLCs have the citizenship of all of their owners/members).

1  Escobar also objects that "the amount he request[s] is not in controversy" and that it is up
2  to a jury to decide the amount of damages he is entitled to.[31]  But, as Judge Koppe accurately
3  found, Escobar's allegations about the amount in controversy are conclusory and his prediction
4  of damages is not supported by allegations in the amended complaint.  Escobar alleges that
5  "Velocity . . . sent [him] the entire amount" taken from his accounts except "the $150.00 bank
6  fee," but Escobar still requests over $5,000,000 in damages.[32]  Escobar theorizes that, because
7  Velocity took money from his account, he was put in a position where he may or may not have
8  been able to pay "his rent, food, car notes, power, water, and gas."[33]  He also alleges that he may
9  or may not have lost out on "any and all business that he could have conducted with the
10  [funds]."[34]  Escobar's vague and evasive allegations make it impossible to discern whether he
11  had trouble paying his bills or lost out on business.  So, I find Escobar's conclusory damage
12  prayer is not supported by the allegations in his own complaint.  Having reviewed the report and
13  recommendation de novo, I conclude that Judge Koppe reached the right result here, and I adopt
14  it.

**Conclusion**

15
16  IT IS THEREFORE ORDERED that Plaintiff's Objection **[ECF No. 10] is overruled**;
17  the Magistrate Judge's Report and Recommendation **[ECF No. 8] is ACCEPTED AND**
18  **ADOPTED**.  This action is dismissed for lack of subject-matter jurisdiction.

19  IT IS FURTHER ORDERED that Plaintiff's Request for Decision **[ECF No. 18] is**
20  **DENIED as moot**.

21
22  [31] ECF No. 10 at 3–4.
   [32] ECF No. 6 at 5.
23  [33] *Id.*
   [34] *Id.*

5

The Clerk of Court is directed to CLOSE THIS CASE.

Dated: June 26, 2020

_____
U.S. District Judge Jennifer A. Dorsey